UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMEN RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 19-10747-LTS |
| | ) |
| JOHNSON & JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER ON EMERGENCY MOTION TO REMAND (DOC. NO. 8)

May 31, 2019

SOROKIN, J.

On September 1, 2017, plaintiff Carmen Rivera brought suit in Middlesex Superior Court against ten defendants, of which two were Johnson & Johnson and Imerys Talc America, Inc. ("Imerys"). Doc. No. 11 at 1. Rivera's Second Amended Complaint ("the Complaint") alleges that the defendants' negligence and breach of expressed and implied warranties exposed her to asbestos and asbestos-containing products that caused her mesothelioma, a form of fatal cancer. Doc. No. 1-2. On February 13, 2019, Imerys filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. Doc. No. 1 ¶ 1.

On April 18, 2019, Johnson & Johnson removed Rivera's claims against Johnson & Johnson to this Court. Doc. No. 1. Johnson & Johnson argues that this Court now has jurisdiction over the case because it is related to Imerys's bankruptcy petition. Doc. No. 1 ¶ 20; see also 28 U.S.C. § 1334(b). Johnson & Johnson further argues that removal to this Court is proper under 28 U.S.C. § 1452(a), which provides for removal of claims related to bankruptcy.

Rivera promptly moved to remand this case to the Middlesex Superior Court on an emergency basis, advancing several arguments in support of her motion. Doc. No. 8. She first argues that Johnson & Johnson's removal is untimely. Doc. No. 11 at 4–6. She further argues that this Court lacks subject matter jurisdiction because this case is not, in fact, related to the Imerys bankruptcy proceeding under the relevant case law. Id. at 6–12. Finally, she argues that this Court should abstain from hearing this case, either under the mandatory basis provided by 28 U.S.C. § 1334(c)(2) or the permissive basis provided by 28 U.S.C. § 1452(b). Id. at 12–17.

Johnson & Johnson opposed the motion to remand. Doc. No. 15. Both parties also provided the Court with additional authorities. Doc. Nos. 10, 12. On May 9, 2019, while the present motion was pending before this Court, the district court for the District of Delaware denied Johnson & Johnson's motion to transfer provisionally the approximately 2,400 actions similar to this one that are pending around the country to that District, finding that Johnson & Johnson failed to demonstrate entitlement to such sweeping relief. See In re Imerys Talc America, Inc., No. 19-103-MN, ECF. No. 35 (D. Del. May 9, 2019). Rivera thereafter filed a reply in support of its motion. Doc. No. 21.

A party may remove any claim in a civil proceeding to federal court if the court has bankruptcy jurisdiction over the claim under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). The federal court may then remand the claim to the state court "on any equitable ground." Id. § 1452(b).

> In evaluating whether to remand on equitable grounds, a federal court typically considers the following factors: (1) duplication of judicial resources; (2) uneconomical use of judicial resources; (3) effect of remand on the administration of the bankruptcy estate; (4) case involves questions of state law better addressed by a state court; (5) comity considerations; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court where action originated.

Messerlian v. A.O. Smith Corp., 2010 WL 308981, at *3–4 (D.R.I. Jan. 25, 2010). Johnson & Johnson argues that subject matter jurisdiction is proper because Imerys is obligated under its

supplier contract to indemnify and defend Johnson & Johnson from tort claims such as this one. Doc. No. 15 at 23. As a result, Johnson & Johnson argues, this case is "related to" Imerys's bankruptcy within the meaning of 28 U.S.C. § 1334(b) because even the cost of the litigation draws down the funds available in the bankruptcy estate to other creditors. Id.

In evaluating whether removal is proper, "[i]n light of . . . the important federalism concerns at play in considering removal jurisdiction," the Court must construe strictly the applicable removal statutes, and "any ambiguity . . . ought to be resolved against removal." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004). In support of its argument that this case is related to Imerys's bankruptcy petition, Johnson & Johnson argues that "a series of supply agreements, certain contractual rights and obligations" exist between Johnson & Johnson and Imerys; that Imerys has demanded coverage under insurance policies shared with Johnson & Johnson; and that an identity of interest exists between Imerys and Johnson & Johnson. Doc. No. 1 at 7.

Rivera and Johnson & Johnson agree that Third Circuit case law would control the Delaware bankruptcy court's exercise of related-to jurisdiction over this case.[1] See Doc. No. 11 at 6–7; Doc. No. 15 at 18. In that circuit, litigation that is "a mere precursor to the potential third party claim for indemnification" that cannot, on its own, "determine any rights, liabilities, or course of action of the debtor" is not related to an ongoing bankruptcy proceeding. Pacor, Inc. v. Higgins, 743 F.2d 984, 995 (3d Cir. 1984). "Even with an indemnification agreement, a court lacks 'related to' jurisdiction if the non-debtor's recovery is predicated upon the results of a

---

[1] Rivera also argues that the First Circuit "has adopted essentially the same definition of 'related to' jurisdiction expressed by the Third Circuit." Doc. No. 11 at 7. Johnson & Johnson does not advance any ways in which the circuits' case law differs. The Court therefore assumes but does not decide that Third Circuit case law applies.

subsequent action for indemnification." In re W.R. Grace & Co., 412 B.R. 657, 667 (D. Del. 2009).

Imerys is not a party to the case before this Court. Rather, the claims now here seek to adjudicate the liability of only Johnson & Johnson. Although Johnson & Johnson argues that its contracts with Imerys will automatically obligate Imerys to indemnify Johnson & Johnson if they are found liable in this matter, the Court is unable to conclude that Johnson & Johnson would in fact receive the benefit of such indemnification without extended litigation, particularly because Rivera's complaint alleges acts and omissions, such as a failure to warn, by Johnson & Johnson on its own. See Doc. No. 1-2 at 6. Notably, the relevant contractual provisions also provide for the possibility of indemnification in the other direction between Johnson & Johnson and Imerys. That possible indemnification is apparently hotly disputed, see Doc. No. 21 at 10, and surely not automatic. Even if Johnson & Johnson could eventually seek indemnification from Imerys through litigation, that fact alone does not establish related-to jurisdiction.

Johnson & Johnson's claim that it shares insurance with Imerys is similarly disputed, itself likely to be the subject of extended litigation. See Doc. No. 21 at 11–12. Given the diverging interests of Johnson & Johnson and Imerys, the Court is not persuaded that Johnson & Johnson has established the identity of interests necessary to invoke federal subject matter jurisdiction. See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986) (identity of interests "arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant"). Accordingly, on the record currently before the Court, the Court concludes that it lacks subject matter jurisdiction over this case and that remand is therefore appropriate.

However, even if this Court has subject matter jurisdiction over this action, the Court nevertheless finds that equitable grounds support remand. See 28 U.S.C. § 1452(b). This case was initiated in state court nearly two years ago and includes only claims based on Massachusetts law. Doc. No. 1-3; Doc. No. 1-5. Discovery in the state court proceedings was nearly complete when Johnson & Johnson filed its notice of removal, with trial scheduled for December 2019. Doc. No. 11 at 2. Comity and efficiency therefore suggest that the state court is the forum best suited for the resolution of this matter. If this action is eventually transferred to Delaware, trial will be delayed by months or years, and significant effort will have to be expended for a second time. By contrast, the state court proceedings were pending before in the state's consolidated asbestos litigation docket, and all signs point to their efficient progress as to the parties other than Imerys, against whom the litigation is automatically stayed due to its bankruptcy. See id.; Doc. No. 11-1. Further, because only the claims against Johnson & Johnson have been removed, the state court action would, if removal is allowed, proceed separately from this action as to the parties other than Johnson & Johnson and Imerys, another needlessly inefficient use of judicial resources. Finally, Judge Stearns recently remanded a case presenting essentially the same issues on the same equitable grounds. See Remand Order, Wilson et al v. Johnson & Johnson, No. 19-CV-10764-RGS, ECF No. 19 (D. Mass. May 29, 2019).

For the foregoing reasons, the emergency motion to remand, Doc. No. 8, is ALLOWED. This matter is hereby REMANDED to the Middlesex Superior Court.


SO ORDERED.


 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge